IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT H. ALAND,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>    Defendants. | Case No. 23 C 4599<br><br>Hon. LaShonda A. Hunt |

## MEMORANDUM OPINION AND ORDER

Self-represented plaintiff Robert Aland is a veteran of federal agency litigation. A wildlife advocate and retired attorney, Plaintiff is now pursuing his fifth lawsuit against Defendant U.S. Department of the Interior ("DOI") in this district.[1] In July 2023, he filed this latest action against the DOI and Defendant U.S. Fish and Wildlife Service ("FWS") (together, "Defendants") for alleged violations of the Freedom of Information Act ("FOIA"). Before the Court is Defendants' motion for summary judgment. (*See* Mot., Dkt. 21). They argue that Plaintiff did not exhaust his administrative remedies before filing suit. And, even if he did, Defendants contend that their searches and application of exemptions to documents relevant to Plaintiff's request complied with FOIA. For the reasons that follow, the Court grants Defendants' motion and dismisses Plaintiff's claims for failure to exhaust administrative remedies.

---

[1] *See also Aland v. U.S. Department of the Interior, et al.*, No. 13 C 3547 (N.D. Ill.); *Aland v. U.S. Department of the Interior, et al.*, No. 17 C 6501 (N.D. Ill.); *Aland v. U.S. Department of the Interior, et al.*, No. 21 C 5749 (N.D. Ill.); *Aland v. U.S. Department of the Interior, et al.*, No. 22 C 5821 (N.D. Ill.).

**BACKGROUND**

The facts are mostly undisputed and taken from the parties' Local Rule 56.1 submissions. On February 28, 2022, Plaintiff submitted a FOIA request to the FWS (the "FWS Request"), seeking information about the qualifications of individuals appointed to leadership roles at the agency. (Pl.'s Resp. Defs.' SOF, at 311,[2] Dkt. 29). The FWS acknowledged receipt by email and assigned the FWS Request tracking number "DOI-FWS-2022-002397." (Defs.' SOF, at 206, Dkt. 23; Compl. ¶ 42). On March 21, 2022, the FWS responded to Plaintiff stating that "[i]t has been determined that the FWS has no records responsive to your request. The records you are seeking may be located at the Office of the Secretary for the Department of the Interior, and we are forwarding your request to that office for further action." (Defs.' SOF, at 201). The email went on to state that it was FWS's "final response" and Plaintiff "may appeal this response to the Department's FOIA/Privacy Act Appeals Officer. If you choose to appeal, the FOIA/Privacy Act Appeals Officer must receive your FOIA appeal no later than 90 workdays from the date of this final response." (*Id.* at 202). The email reiterated that "[t]his is our **final response** and closes your request DOI-FWS-2022-002397." (*Id.* at 203) (emphasis added).

That same day—March 21, 2022—Leah Fairman, a FOIA officer for the DOI, says she received Plaintiff's FOIA request from the FWS (the "OS Request"). (*Id.* at 206). The request was assigned a new control number—"DOI-OS-2022-002397"—indicating it was a separate request that implicates the Office of the Secretary ("OS") of the DOI. (*Id.* at 205-206, 216). On October 13, 2022, the DOI made an interim production of 87 pages of documents to Plaintiff and stated that the search for more documents responsive to the OS Request continued. (*Id.* at 216). In the

---

[2] Unless otherwise noted, page numbers in citations to the docket reference the "PageID #" in the CM/ECF header of the document, not other page numbers in the header or footer.

response, the DOI also notified Plaintiff that some information had "been withheld under Exemption 6" for privacy reasons because it "consists of personal information." (*Id.* at 217). Then on November 18, 2022, the DOI made another interim production of 5 pages of documents. (*Id.* at 220-221).

On December 20, 2022, Plaintiff sent an email to "FOIA.APPEALS@sol.doi.gov" indicating his intent to appeal on the grounds that "[t]he FWS and [DOI] have not conducted adequate searches for documents responsive to the Request," both entities "are illegally withholding records without justification under any privilege or other FOIA exemption," the entities provided an "overwhelming[ly] . . . nonresponsive" production, and that both entities were "improperly consulting with other offices or agencies, possibly including the DOJ." (*Id.* at 227) (quotes omitted). On January 19, 2023, the DOI's appeals office acknowledged receipt of Plaintiff's email and treated the FWS Request and OS Request as separate FOIA appeals. (*Id.* at 223).

Regarding the FWS Request, the email stated that "[o]n the aspect of your e-mail message that seeks to challenge the FWS's determination that it has no records, the [DOI] cannot accept that matter for processing as an appeal, as the FOIA Appeals Officer did not timely receive an appeal from you regarding the issue." (*Id.* at 223). Importantly, the DOI added that:

> As the FWS informed you in its March 21, 2022, final response, 'the FOIA/Privacy Act Appeals Officer must receive your FOIA appeal no later than 90 workdays from the date of this final response' and it provided you with the correct mail, fax, and e-mail address where you were to submit any such appeal that you wished to file. *See 43 C.F.R. § 2.58(a)* (detailing the time limit for filing FOIA appeals challenging, among other things, bureaus' determinations that they do not possess or cannot locate responsive records). However, the FOIA Appeals Officer did not receive correspondence from you seeking to file an appeal challenging the FWS's determination until December 20, 2022, which is 189 workdays after the date of the FWS's final response. Because the FOIA Appeals Officer did not timely receive an appeal from you regarding the FWS's March 21, 2022, final response to your FOIA request, the Department will not take any further action on any of the issues you raise in your December 20, 2022, e-mail message regarding that issue.

3

(*Id.*).

Regarding the OS Request, the DOI reported that it "cannot accept that matter for processing as an appeal . . . , as you did not submit copies of all correspondence between you and OS regarding the FOIA request (which the Department's FOIA regulations ('regulations') require you to submit in order to file an appeal)." (*Id.* at 223) (citing 43 C.F.R. § 2.59). The DOI went on to state that if Plaintiff "remain[s] interested in filing an appeal regarding the [OS Request], the Department must receive a copy of all correspondence between you and OS regarding the FOIA request (including copies of the numerous e-mail communications with OS that you reference) any time before the bureau issues its final response . . . ." (*Id.* at 223-224). And it concluded by warning Plaintiff that "[i]f the Department does not receive all of this documentation from you within this time frame, it will not consider the aspects of your December 20, 2022, e-mail message pertaining to OS's handling of the FOIA request for processing as an appeal." (*Id.* at 224).

On March 28, 2023, the DOI provided its third production, which included 306 pages of allegedly responsive documents. (*Id.* at 235). However, because 172 pages were reviewed under certain FOIA exceptions and required consulting with outside entities, and 61 were duplicates, DOI released 73 pages of information to Plaintiff. (*Id.* at 235-236). On April 18, 2023, the DOI provided its fourth production, which included 8 pages of documents, 7 of which were under review with outside entities, so Plaintiff received only 1 page. (*Id.* at 240-241). Finally, on September 13, 2023, DOI provided its fifth production, which included 206 pages of documents, and informed Plaintiff that its search was complete. (Defs.' SOF, Ex. L, at 256-258, Dkt. 28-12).

On July 17, 2023—months before DOI's final production on the OS Request—Plaintiff brought this action under FOIA in federal court. (Compl., Dkt. 1). Defendants have moved for summary judgment, which Plaintiff opposes on procedural and substantive grounds. The matter is fully briefed.

## STANDARD OF REVIEW

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it affects the substantive outcome of the litigation, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the nonmoving party. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). At summary judgment, the Court views the record in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *See Anderson*, 477 U.S. at 255.

## DISCUSSION

FOIA was enacted to facilitate public access to government documents. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). Accordingly, FOIA generally requires federal agencies to make their records available to the public on demand. 5 U.S.C. § 552(a). To establish a cause of action under FOIA, a plaintiff must show "an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). Agency records may be found to be improperly withheld if the agency failed to conduct a search "reasonably calculated to uncover all relevant documents." *Stimac v. United States Dep't of Justice*, 991 F.2d 800, 1993 WL 127980, at *1 (7th Cir. 1993). Importantly, "[t]he issue is not whether other documents may exist, but rather whether the search for undisclosed documents was adequate." *In re Wade*, 969 F.2d 241, 249 n. 11 (7th Cir. 1992). Records may also be found to be improperly withheld if the agency misapplies a statutory

5

exemption. *See, generally, Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037-1041 (7th Cir. 1998) (reviewing the application of certain exemptions).

However, FOIA compels requesters to exhaust their administrative remedies prior to seeking judicial review. *Almy v. U.S. Dep't of Justice*, No. 96-1207, 1997 WL 267884, at *3 (7th Cir. May 7, 1997). Indeed, "[e]xhaustion of administrative remedies is a prerequisite to filing a FOIA suit." *Hoeller v. Soc. Sec. Admin.*, 670 F. App'x 413, 414 (7th Cir. 2016); *see also Almy*, 1997 WL 267884, at *3 ("[Plaintiff]'s failure to exhaust his administrative remedies bars judicial review of these claims."). As the Seventh Circuit has explained, "exhaustion must be completed *before* initiating suit in order to realize the goal of allowing administrative remedies to relieve the burden of litigation on the courts." *Hoeller*, 670 F. App'x at 414.

Requesters may exhaust their administrative remedies in one of two ways: (1) "actual" exhaustion or (2) "constructive" exhaustion. A requester "actually" exhausts his administrative remedies where an agency's determination is adverse, and that agency determination is subsequently upheld in an administrative appeal "to the head of the agency." 5 U.S.C. § 552(a)(6)(A). A FOIA request is "constructively" exhausted where "the agency fails to comply with the applicable time limit provisions" of the statute. 5 U.S.C. § 552(a)(6)(C)(i). For example, FOIA gives agencies only twenty days to (1) determine whether to comply with a request, and (2) respond to any appeal. 5 U.S.C. §§ 552(a)(6)(A)(i)-(ii). But when a requester has filed suit after 20 days have elapsed without a FOIA response, the agency may obtain a stay of the proceedings if it can show that "exceptional circumstances exist and that the agency is exercising due diligence in responding to the request." 5 U.S.C. § 552(a)(6)(C)(i). Where, however, an agency fails to meet the FOIA's deadlines and the requestor nonetheless chooses to wait for the agency to respond prior to filing suit, "FOIA allows the agencies to have the benefit of the full administrative

6

process before suit is filed." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 64-65 (D.C. Cir. 1990); *see also Goulding v. IRS*, No. 97 C 5628, 1998 WL 325202, at *8 (N.D. Ill. June 8, 1998). "That is, once an agency responds to a request, FOIA requires completion of the administrative appeal process prior to judicial review." *Nelson v. United States Army*, No. 12 C 4718, 2013 WL 5376650, at *5 (N.D. Ill. Sep. 25, 2013). Here, Defendants challenge Plaintiff's FOIA requests on exhaustion and merits grounds.

## I. The FWS Request

Plaintiff submitted his request to FWS on February 28, 2022, and FWS responded on March 21, 2022 expressing its determination that it had no responsive records but the request would be forwarded to a different agency that might. Notably, the email went on to state that it was FWS's "final response" and Plaintiff "may appeal this response to the Department's FOIA/Privacy Act Appeals Officer. If you choose to appeal, the FOIA/Privacy Act Appeals Officer must receive your FOIA appeal no later than 90 workdays from the date of this final response." (Defs.' SOF, at 202). Plaintiff, therefore, had until around July 28, 2022 (*i.e.*, 90 workdays from March 21, 2022),[3] to appeal FWS's final response. But because Plaintiff concedes that he did not appeal the final response to the FWS Request until December 20, 2022, (Pl.'s Mem. of Law in Opp., at 289, Dkt. 28), he clearly failed to properly exhaust his administrative remedies.[4]

---

[3] *See* 43 CFR § 2.70 ("Workday means a regular Federal workday. It excludes Saturdays, Sundays, or Federal legal public holidays. Items arriving or delivered after 5 p.m. Eastern Time will be deemed received on the next workday.").

[4] The Court notes that in his December 20, 2022 FOIA appeal, Plaintiff represents that he timely appealed the FWS Request on May 14, 2022, and received a response from the agency denying the appeal on July 6, 2022. *See* Exh. C, at 307. However, that document references attached copies of those emails which Plaintiff did not include in the record. Consequently, the Court finds Plaintiff's uncorroborated statements insufficient to create a genuine factual dispute on this issue.

Accordingly, Plaintiff's claims relating to the FWS Request are unexhausted and therefore must be dismissed.

## II. The OS Request

The OS Request does not fare any better. After the OS Request was initiated on March 21, 2022, the DOI did not make a production for almost seven months. Notably, Plaintiff did not file a lawsuit due to the non-response during that time. The DOI made its initial interim production to Plaintiff on October 13, 2022, indicating the search for more OS Request documents continued. And then DOI made another interim production on November 18, 2022.

Plaintiff, seemingly unhappy with the state of the production, attempted to appeal the DOI's response to the OS Request via email on December 20, 2022. On January 19, 2023, the DOI's appeals office acknowledged receipt of Plaintiff's email but informed Plaintiff that he did not properly file his appeal of the OS Request production. Specifically, the DOI stated:

> As for the issues you raise regarding OS's ongoing processing of the FOIA request, unfortunately, **the Department also cannot accept that matter for processing as an appeal at this time, as you did not submit copies of all correspondence between you and OS regarding the FOIA request (which the Department's FOIA regulations ('regulations') require you to submit in order to file an appeal)**. *See 43 C.F.R. § 2.59*. For example, in your December 20, 2022, e-mail message, you reference numerous e-mail exchanges you had with OS personnel regarding its processing of the FOIA request. However, you did not attach any of these communications to your December 20, 2022, e-mail message. So, if you remain interested in filing an appeal regarding the OS's ongoing processing of the FOIA request, the Department must receive a copy of all correspondence between you and OS regarding the FOIA request (including copies of the numerous e-mail communications with OS that you reference) any time before the bureau issues its final response to the matter. If the Department does not receive all of this documentation from you within this time frame, it will not consider the aspects of your December 20, 2022, e-mail message pertaining to OS's handling of the FOIA request for processing as an appeal.

(Defs.' SOF, at 223-224) (emphasis added). In other words, Defendants determined that Plaintiff did not file a complete and proper appeal of the OS Request because he did not include all relevant information as required by DOI regulations, and, as a result, the DOI did not process it as proper due to the incomplete petition.

8

Plaintiff nonetheless argues that his appeal attempt was a "valid appeal" and therefore he "actually exhausted his administrative remedy [sic] before filing suit." (Pl.'s Mem. of Law in Opp. at 289, Dkt. 28). However, FOIA requires that individuals make their requests "in accordance with published rules stating the . . . procedures to be followed." 5 U.S.C. § 552(a)(3)(A). This includes an agency's internal appellate procedures. *See, e.g., Lakin v. United States DOJ*, 917 F. Supp. 2d 142, 146 (D.D.C. 2013) ("The FOIA appeal regulation in this case specifically required that OIP receive the appeal within sixty days of the date of the September 8, 2009 letter. Because the appeal was not received until November 17, 2009, plaintiff did not comply with the regulation. Accordingly, the Court finds plaintiff failed to exhaust administrative remedies and his claim is not properly before this Court."); *Ebling v. U.S. Dep't of Justice*, 796 F. Supp. 2d 52, 65-66 (D.D.C. 2011) (noting that a faxed appeal letter fails to satisfy exhaustion requirements because "applicable DOJ regulations contemplate that appeal letters should be physically mailed to OIP"); *Am. Small Bus. League v. United States Dep't of the Navy*, No. C 10-02150 JSW, 2011 U.S. Dist. LEXIS 172991, at *8 (N.D. Cal. Feb. 7, 2011) (holding that failure to comply with "published administrative procedures" regarding a FOIA appeal amounts to a failure to exhaust administrative remedies).

The DOI's published procedures at the time instruct that the DOI "will reject an appeal that does not attach all correspondence required by paragraph (b)(1)" which includes "[c]opies of all correspondence between you and the bureau concerning the FOIA request . . . ." 43 C.F.R. §§ 2.59(b)(1), (f). Here, the DOI applied this regulation and did not accept Plaintiff's appeal because he did not abide by DOI procedure but instructed him on how to comply. By not attaching the required correspondence to his email, Plaintiff did not file a valid appeal pursuant to 43 C.F.R.

9

§ 2.59. Therefore, he failed to actually exhaust his administrative remedies because—due to his actions—he never received an adverse decision that was upheld on appeal by the head of the DOI.[5]

Plaintiff also argues that he "constructively exhausted his administrative remedies" because "Defendants failed to provide a *final* response on or before [the] applicable response deadline," before filing his lawsuit. (Pl.'s Opp. Mem., at 288) (emphasis added). But that is not the standard. An agency's timely response need not be a "final response," as Plaintiff argues. FOIA requires the response to be a "determination" of whether to comply with a FOIA request. *See* 5 U.S.C. § 552(a)(6)(C)(i). "If the agency has made and communicated its 'determination' in a timely manner, the requester is required to administratively appeal that 'determination' before bringing suit. But if the agency has not issued its 'determination' within the required time period, the requester may bring suit directly in federal district court without exhausting administrative appeal remedies." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013).

In sum, "the statute requires that, within the relevant time period, an agency must determine whether to comply with a request—that is, whether a requester will receive all the documents the requester seeks." *Id.* at 186. And while FOIA "allows immediate recourse to the courts" after an agency fails to make a timely determination, "once the agency responds to the FOIA request, the requester must exhaust his administrative remedies before seeking judicial review." *Oglesby*, 920 F.2d at 64; *see also Stevens v. United States HHS*, 666 F. Supp. 3d 734, 742 (N.D. Ill. 2023) (stating

---

[5] The Court would be remiss if it did not note that the DOI attempted to guide Plaintiff through the appeal process when it invited him to cure his procedural defect by forwarding "a copy of all correspondence between [Plaintiff] and OS regarding the [OS Request] any time before the bureau issues its final response." (Defs.' SOF, at 223-224). It is undisputed that Plaintiff did not follow up to complete his December 2022 appeal attempt by sending the required documents. Instead, after the DOI made two more productions of documents related to the OS Request in March and April 2023, (*Id.* at 235-236, 240-241), Plaintiff filed this lawsuit on July 17, 2023. (*See* Compl., Dkt. 1).

that the option of constructive exhaustion "lasts only up to the point that an agency actually responds," and "if the agency responds to a FOIA request before the requester files suit, the [twenty]-day constructive exhaustion provision in 5 U.S.C. § 552(a)(6)(C) no longer applies; actual exhaustion of administrative remedies is required").

At bottom, a FOIA requester who chooses to wait for an untimely response instead of immediately filing suit does so at the risk of losing the right to bypass the administrative appeal process; as long as the agency responds before a suit is filed, the exhaustion requirement is revived and appeal to the agency is again mandatory. *Evans v. United States DOI*, 135 F. Supp. 3d 799, 820 (N.D. Ind. 2015) (citing *Oglesby*, 920 F.2d at 63) (holding that "an administrative appeal is mandatory if the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed").

Other courts have consistently followed the approach in *Oglesby*, including district courts in this circuit. *See, e.g., Larson v. Hoening*, No. 18 C 2752, 2018 WL 9989471, at *3 (N.D. Ill. July 10, 2018) ("Thus, once an agency responds to a request, FOIA requires the completion of the administrative appeal process prior to judicial review."); *Nelson*, 2013 WL 5376650, at *6 ("Regardless of the timeliness of the Army's initial response to Plaintiff's FOIA requests, Plaintiff has also failed to constructively exhaust his administrative remedies, as Defendant issued its IDA decision . . . prior to Plaintiff's filing suit."); *Goulding*, 1998 WL 325202, at *8 (N.D. Ill. June 8, 1998) ("When an agency fails to comply in a timely fashion to a proper FOIA request, it may not insist on actual exhaustion of administrative remedies unless the agency responds to the request before suit is filed."); *Almy*, 1995 WL 476255, at *5-6 (N.D. Ind. Apr. 13, 1995) (citing *Oglesby* and dismissing non-exhausted claims, because "as [the requester] failed to actually exhaust his

administrative remedies . . . even though he received belated responses on these requests, this Court lacks subject matter jurisdiction").

When the DOI finally responded to the March 2022 OS Request on October 13, 2022, it stated "[w]e are writing to partially respond to your request. We are continuing to search for and review additional records that are responsive to your request. Because this is an interim response to your request, we will provide notice of your appeal rights in our final response letter." (Defs.' SOF, at 216). This amounts to a determination that the DOI would comply with Plaintiff's request. Because Plaintiff waited until the DOI made a determination to respond his request before he filed suit, FOIA required the completion of the administrative appeal process prior to judicial review. *See Taylor v. Appleton*, 30 F.3d 1365, 1370 (11th Cir. 1994) ("In short, the exhaustion requirement was triggered once the [DOI] met its obligations.").

FOIA simply does not provide a remedy in federal court to litigants such as Plaintiff who become dissatisfied with an agency's response and file a lawsuit without first exhausting administrative remedies. *See, e.g., id.* at 1369-1370 ("As noted, Taylor chose not to file a lawsuit until after the agency properly responded to his requests on July 27, 1990. When he became dissatisfied with the documents obtained from the IRS in that response, he instituted this lawsuit rather than continue to pursue an administrative remedy. Under the facts alleged in his complaint he neither actually nor constructively exhausted his administrative remedies.").

Accordingly, Plaintiff's claims relating to the OS Request were not exhausted and must be dismissed.

## **CONCLUSION**

For all the foregoing reasons, Defendants' motion is granted and Plaintiff's claims are dismissed for failure to exhaust administrative remedies.

**DATED**: September 29, 2025          **ENTERED**:

*LaShonda A. Hunt*
_____
LaShonda A. Hunt
United States District Judge

13